NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

COMCAST CABLE COMMUNICATIONS, LLC,
*Appellant*

**v.**

PROMPTU SYSTEMS CORPORATION,
*Appellee*

ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,
*Intervenor*

2019-2287, 2019-2288

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-00344, IPR2018-00345.

Decided:  January 4, 2021

MARK ANDREW PERRY, Gibson, Dunn & Crutcher LLP, Washington, DC, for appellant.  Also represented by JESSICA A. HUDAK, Irvine, CA; JAMES L. DAY, JR., Farella Braun Martel LLP, San Francisco, CA.

JACOB ADAM SCHROEDER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Palo Alto, CA, for appellee. Also represented by JOSHUA GOLDBERG, Washington, DC.

DANIEL KAZHDAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by THOMAS W. KRAUSE, FRANCES LYNCH, FARHEENA YASMEEN RASHEED.

—————————

Before LOURIE, SCHALL, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

Comcast Cable Communications, LLC, appeals two *inter partes* review final-written decisions, in which the Patent Trial and Appeal Board held that Comcast failed to prove claims 1, 2, 4–6, 12–15, 17–19, 25–28, 30–32, 38–42, 53–55, 61, 62, 64–66 (the challenged claims) of U.S. Patent No. 7,047,196 would have been obvious. For the following reasons, we affirm-in-part, vacate-in-part, and remand.

## BACKGROUND

The '196 patent relates to a "method and system of speech recognition presented by a back channel from multiple user sites within a network." '196 patent at Abstract. Representative claims 1 and 14 recite:

1. A method of using a back channel containing a multiplicity of identified speech channels from a multiplicity of user sites presented to a speech processing system at a wireline node in a network supporting at least one of cable television delivery and video delivery, comprising the steps of:

   ***receiving said back channel to create a received back channel***;

partitioning said received back channel into a multiplicity of received identified speech channels;

processing said multiplicity of said received identified speech channels to create a multiplicity of identified speech content; and

responding to said identified speech content to create an identified speech content response that is unique, for each of said multiplicity of identified speech contents. . . .

14. A program system controlling at least part of *a speech recognition system coupled to a wireline node* in a network, said program system comprising the program steps of:

processing a multiplicity of received identified speech channels to create a multiplicity of identified speech content; and

responding to said identified speech content to create an identified speech content response that is unique to each of said multiplicity of identified speech contents;

wherein said speech recognition system is provided said multiplicity of received identified speech channels based upon a received back channel at said wireline node from a multiplicity of user sites coupled to said network;

wherein each of said program steps reside in memory accessibly coupled to at least one computer included in said speech recognition system; wherein said at least one computer communicatively couples

through said wireline node to said multiplicity of user sites; and

wherein said network supports at least one of the collection comprising: cable television delivery to said multiplicity of user sites; and video delivery to said multiplicity of user sites.

'196 patent at 50:62–51:10, 52:65–53:21 (emphases added).

Comcast petitioned for two IPRs of the '196 patent, arguing the challenged claims would have been obvious in light of two primary references—U.S. Patent No. 6,513,063 (Julia) or U.S. Patent No. 7,013,283 (Murdock)—individually or combined with additional references. Review was instituted, and the Board issued final-written decisions in both IPRs. In IPR2018-00345, the Board determined that the "speech recognition system" and "wireline node" in claim 14's preamble are different elements. Because Comcast mapped the "speech recognition system" and the "wireline node" to a single element, the Board held Comcast failed to show claims 14, 15, 17–19, 25, 26, 53–55, 61, 62, and 64–66 were unpatentable. The Board also declined to consider Comcast's new mapping of the "speech recognition system" in reply. In IPR2018-00344, the Board determined the "back channel" and "received back channel" in claim 1 are distinct elements, rather than a relabeling of one element. Because Comcast failed to allege any reference teaches the "received back channel," the Board held that Comcast failed to show claims 1, 2, 4–6, 12, 13, 27, 28, 30–32, and 38–42 were unpatentable. Comcast appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

"We review the Board's constructions based on intrinsic evidence de novo and its factual findings based on extrinsic evidence for substantial evidence." *HTC Corp. v. Cellular Commc'ns Equip., LLC*, 877 F.3d 1361, 1367 (Fed.

Cir. 2017). Because Comcast filed its petitions before November 13, 2018, we construe claims in the unexpired '196 patent according to their "broadest reasonable interpretation in light of the specification." 37 C.F.R. § 42.100(b) (2017). "Decisions related to compliance with the Board's procedures," like considering new arguments raised in reply, "are reviewed for an abuse of discretion." *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1367 (Fed. Cir. 2016).

I

For IPR2018-00345, Comcast argues the Board erred by determining that claim 14's "speech recognition system" and "wireline node" are different elements. It also argues the Board erred by not considering its new mapping in reply. We do not agree.[1]

We see no reversible error in the Board's construction requiring that the "speech recognition system" and "wireline node" be distinct elements. Claim 14 recites "a speech recognition system ***coupled to*** a wireline node." By listing the elements separately and by using the word "coupled," claim 14 strongly indicates the "speech recognition system" is distinct from the "wireline node." *See Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1254 (Fed. Cir. 2010) ("Where a claim lists elements separately, the clear implication of the claim language is that those elements are distinct components of the patented invention." (cleaned up)). While the '196 patent's written description contains an embodiment where a speech recognition system is "in" a wireline node, it also describes an embodiment with a speech recognition system "near" a wireline node. *See* '196 patent at 5:11–15. Thus, the written description does not show a "clear intent" to depart from the claim's

---

[1]    We need not reach Comcast's arguments regarding Murdock's status as prior art.

plain language. *See Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1373 (Fed. Cir. 2014). The broadest reasonable interpretation of "coupled to" requires that the "speech recognition system" and "wireline node" are distinct components.

Nor do we see any abuse of discretion in declining to consider Comcast's new mapping raised for the first time in reply. "It is of the utmost importance that petitioners in the IPR proceedings adhere to the requirement that the initial petition identify with particularity the evidence that supports the grounds for the challenge to each claim." *Intelligent Bio-Sys.*, 821 F.3d at 1369 (internal quotation omitted). The Board correctly identified Comcast's mapping for the "speech recognition system" raised in reply as absent from Comcast's petition. *Compare* J.A. 19604521 & 19604524–25 *with* J.A.19604823–25. And Comcast has not come forward with a sufficient justification to excuse that failure. Thus, the Board acted within its broad discretion in declining to consider Comcast's new reply arguments. *See Intelligent Bio-Sys.*, 821 F.3d at 1369–70.

We have considered Comcast's remaining arguments regarding the IPR2018-00345 final-written decision and find them unpersuasive. Therefore, we affirm that decision, which held that Comcast failed to show claims 14, 15, 17–19, 25, 26, 53–55, 61, 62, and 64–66 were unpatentable.

II

For IPR2018-00344, Comcast challenges the Board's claim construction. It contends the Board erred in construing "received back channel" in claim 1. To Comcast, the "received back channel" is merely a relabeled "back channel." Under the broadest reasonable interpretation standard, we agree.

Comcast's posed construction is broader than the Board's adopted construction and is consistent with the specification. The Board required Comcast to prove an

additional element, "to create a received back channel." But, as Comcast argues, the broadest reasonable interpretation of "receiving said back channel to create a received back channel" is not so limited. One may read the "received back channel" as merely the "back channel" after being received. Under such a reading, the phrase "to create a received back channel" describes the result of "receiving" the "back channel." Nothing in the claim's plain language forecloses such a reading. Nor does the written description narrow the claim's plain language; in fact, the specification treats the "back channel" and "received back channel" as interchangeable. *Compare* '196 patent at 40:1–2 (discussing partitioning the "back channel") *with id.* at 51:3–4 (claiming portioning the "received back channel"). Although atypical and inartful, it is not unreasonable for the patentee to apply two different time frames to the same claim element, a "back channel" before receipt and a "received back channel" after receipt. And this construction does not result in surplusage because every claimed term, including "to create" and "received," has meaning. *See Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) ("[C]laims are interpreted with an eye toward giving effect to all terms in the claim."). Ultimately, the broadest reasonable interpretation of "received back channel" is a "back channel that has been received."

Because the IPR2018-00344 final-written decision is predicated on the Board's erroneous construction, we vacate and remand for the Board to consider the parties' arguments under the correct construction.

## CONCLUSION

Based on the foregoing, we affirm-in-part, vacate-in-part, and remand.

### AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

8        COMCAST CABLE COMMUNICATIONS v. PROMPTU SYSTEMS
                                              CORPORATION

COSTS

No costs.